**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 12-20042

ZAFAR MEHMOOD, et al.

    Defendants.

_____/

**ORDER REGARDING DEFENDANT ZAFAR MEHMOOD'S
COUNSEL'S POTENTIAL CONFLICT OF INTEREST**

During a June 7, 2012 status conference, the Government brought to the court's attention a potential conflict of interest between Defendant Zarar Mehmood's counsel and counsel representing a prospective witness in the case. Defendant Meymood's counsel indicated that he was in the process of addressing the conflict and said that he would discuss the matter in more detail with the Government. The possibility or existence of a conflict of interest does not necessarily disqualify an attorney from representing a criminal defendant so long as the defendant voluntarily makes a knowing and intelligent waiver of his constitutional right to conflict-free representation. *United States v. Reese*, 699 F.2d 803, 804 (6th Cir. 1983) ("[E]ven if an actual conflict of interests or a strong likelihood of conflict is demonstrated the defendant must be given an opportunity to waive his constitutional right to conflict-free representation. A voluntary waiver of this constitutional right, knowingly and intelligently made, must be honored by the court in the absence of compelling circumstances."). Thus, the court asked counsel to work toward a resolution of the issue and to draft a stipulation and

proposed order that included: (1) a determination of whether the potential conflict is nonwaivable under the Michigan Rules of Professional Conduct; (2) a clear statement of whether Defendant Mehmood has been fully informed of the issue and has voluntarily made a knowing and intelligent waiver of conflict-free representation; and (3) a reasonably detailed description of the screening mechanisms setup to address the conflict. Counsel stated that they should be able to satisfy the court's request by July 9, 2012, and they would timely inform the court if they were unable to agree to a resolution of the matter. The court therefore expects to receive a stipulation and proposed order or a status report on the possible conflict of interest by **July 9, 2012**.

IT IS SO ORDERED

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 25, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\12-20042.MEHMOOD.Conflict.Stip.jrc.wpd